THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL F. COLLINS *v.* JOHN D. SPICER, as Comptroller, etc.

*Practice — appeal from an order of General Term modifying a peremptory writ of* mandamus *— Code of Civil Procedure, secs.* 190, 191, 1356, 2070.

Appeals from an order granting, in the first instance, a peremptory writ of *mandamus* are taken as from an order, not as from a judgment.

The provisions of subdivision 3 of section 191 of the said Code have no application to such an appeal.

APPLICATION for leave to appeal to the Court of Appeals from an order of the General Term modifying, and affirming as modified, an order of the Special Term awarding a peremptory writ of *mandamus.*

*Wm. J. Roche,* for the motion *ex parte.*

BY THE COURT:

This was an application for a writ of *mandamus.* A peremptory writ was granted on affidavits, and in the first instance by the Special Term, September, 1883. (Code, § 2070.) An appeal was taken from the order granting the writ, and was argued at the November term, 1883. It was decided at the January term, 1884. The order of the Special Term had commanded the defendant to countersign two bills, one for $1,016.39, the other for $405.75. The order of the General Term reversed that of the Special Term as to the former, and modified it as to the latter by reducing the amount from $405.75 to $398.25. It is stated by the defendants' counsel that the order upon the decision of the General Term was not drawn up until November or December, 1884; that it was filed in December, 1884. The order is entitled as of November term, 1883. The relators appealed December 8, 1884, to the Court of Appeals from so much of the order of the General Term as reversed the order of the Special Term. The defendants' counsel now applies for an order allowing him to appeal under Code, section 191, subdivision 3. On reference to section 2087 it will be seen that a distinction is made between proceedings where an alternative writ is first issued, and then a peremptory writ, and those in which a peremptory writ

is issued in the first instance. In the latter case that section provides that an appeal is to be taken as from a final order made in a special proceeding. In the former case it is to be taken as an appeal from a judgment. In the present case there is no judgment. There is an order of the Special Term granting a peremptory writ; and an order of the General Term modifying the former, but still granting a peremptory writ. Indeed all the papers show that the parties have treated the matter in this light. By the section above cited, therefore, the appeals are taken as from an order in a special proceeding, first under section 1356 to the General Term, then under section 190, subdivision 3, to the Court of Appeals. It appears to us, therefore, that section 191, subdivision 3, does not apply, as there is no judgment.

Application is denied.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Motion for leave to go to the Court of Appeals denied.